A. G. McCURRY, for movant.

---

### HENDERSON *v.* PARRY.

Whether or not the services of a stenographer in "taking down" the testimony in the trial of criminal cases includes services rendered in writing the stenographic notes out in longhand, there is no law authorizing the judge of the superior court to grant a stenographer an order upon the treasurer of the county compensating him for writing out such notes at so many cents per hundred words. The only legal order which the judge can grant to the stenographer for any service in criminal cases must be for a specified time at the rate of fifteen dollars per day. (Acts 1884, p. 150.)

November 20, 1893.                    *Judgment reversed.*

*Mandamus.* Before Judge RICHARD H. CLARK. Newton county. July 8, 1893.

By the rule absolute the county treasurer was required to pay to the official stenographer of the superior court for writing out the testimony in criminal cases, at the rate of ten cents per hundred words, this being in addition to the payment previously made to him for the actual time he was engaged in taking down the testimony in shorthand notes, and he having been paid nothing for transcribing the same. It was admitted that he was engaged for three days in writing out his notes into longhand, and that the bill for the work in question, at ten cents per hundred words, was $34.60. The treasurer excepted, because the stenographer's account as approved and ordered paid by the judge, was made out for transcribing the testimony in certain crim-

inal cases, at ten cents per hundred words; whereas the law says the stenographer shall be paid $15 per day for taking down testimony. In the answer of the treasurer to the rule *nisi* it was set up that, under the law, the payment for "taking down" testimony includes the compensation for writing it out; that the testimony is not taken down in a proper or legal sense, until put into such language as can be readily read and understood by those whose duty it is to record it upon the minutes of court; that the marks or signs as made by the stenographer only serve him with the means by which the testimony may be taken down, which it is his duty to perform, etc.

E. F. Edwards, for plaintiff in error.

John S. Candler and Glenn & Maddox, *contra*.